TRUSTEES OF NATIONAL BANK OF FRANKLIN v. FORD & BROS.

**Assignor's Liability.**

> The unreasonable delay of the holder of a note in prosecuting his action to collect a note, after instituting a suit, will release the assignor; but where it is made to appear that the continuances of the cause were at the request of said assignor he is not released because of such delay.

APPEAL FROM SIMPSON CIRCUIT COURT.

January 18, 1879.

OPINION BY JUDGE HINES:

B. W. Vingard, being indebted to Ford & Bros., executed to them a note, which was secured by a lien upon a certain piece of property against which there were several other liens.

Ford & Bros. assigned the note, before due, to the First National Bank, Franklin, Kentucky, and the bank brought suit upon it, at the first term of the court after it fell due, making appellees and other parties interested in the property defendants. At the first term to which the suit was brought, August, 1872, it was continued by order of the plaintiff, but whether with the consent of the Fords the evidence is conflicting. At the next term of the court, February, 1873, a written agreement was entered into by the Fords, in which they requested a continuance of the case and expressly agreed to remain bound on their assignment to the bank. At the next August term, 1873, no order was made, and the cause went over to the February term, 1874. At that term additional pleadings were filed and the case went over to the August term, 1874, without any order of continuance. At the August term, 1874, the case was submitted, but the judgment, being unsatisfactory to the parties, was by agreement set aside. To secure the vacating of this judgment the Fords requested the bank, in writing, not to proceed further in its attempt to collect the claims against Vingard until it should be determined whether the decree could be set aside, and expressly agreed to remain bound as assignors to the bank. At the next February term, 1875, exceptions to commissioner's report of sale were sustained, judgment set aside and amended pleadings filed. The pleadings appear not to have been completed and the case ready for submission until February, 1876, when a decree was entered and the land sold; and failing to realize anything out of the proceeds, and after execution returned "no property found," the bank brought suit in July, 1876, to recover of the Fords on their assignment; and judg-

ment having been rendered dismissing its petition this appeal was taken.

Appellees insist that the judgment should be affirmed for these reasons: 1. Want of diligence in prosecuting the suit to enforce the lien on the property of Vingard; 2. Want of consideration for the execution of the two written requests to the bank to continue the case; 3. Fraud on the part of the appellant in the obtention of the two written agreements on request to continue the case.

There is no question but that, under the well established rule of law in this state, nothing else appearing, the delay by the bank in the prosecution of the case, after the institution of the suit, would release appellees. The position taken by counsel is impregnable, but it appears to us equally clear that the written requests of appellees to continue the case amounts to a waiver of any right to rely upon previous negligence in its prosecution. Appellees might have rested upon their rights, refusing to act at all or consent to the delay, in which case they would have been released, but instead of doing this, by the written requests referred to, they actively participated in the management of the case, and cannot now be heard to say that any negligence of which appellant may have been previously guilty shall inure to their release. Appellees were parties to the suit, and consequently were cognizant of all the steps taken in the case, both before and after signing the writings.

From the whole record it clearly appears that there was an earnest effort made, both by appellants and by appellees, to realize something out of the Vingard property. There does not appear, after a careful examination of the record, any fraud or overreaching on the part of appellants. It is more than probably true that Mr. Salmon expressed the opinion, likely as an inducement to the Fords to sign the last writing, that the property would bring more at another sale, but the evidence falls short of showing an absolute promise on his part to that effect. Even if that were true it appears that he was acting in his own behalf, and not as agent for the bank, and that the reliance, if any, was upon his promise in his individual capacity. Independent of this, however, there appears to have been a desire on the part of appellees to have the sale set aside, which of itself strongly tends to the conclusion that the consent to a continuance was not brought about by the promise of Mr. Salmon, the writings referred to being requested to delay proceedings in the action to which appellees were parties, and in refer-

ence to a matter in which they were directly interested, and no consideration to support them.

Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Bush & Goodright, A. Duvall, for appellants.*
*G. W. Whitesides, for appellees.*